AMERICAN SHIPPING CO. *v.* UNITED STATES [1]

---

[1] C. D. 54.

United States Customs Court, Third Division

(Decided October 31, 1938)

*Strauss & Hedges* (*Howard C. Carter* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: In this suit against the United States the plaintiff claims that the collector of customs at the port of New York erroneously assessed additional duty at the rate of 25 per centum ad valorem under section 489 of the Tariff Act of 1930 on certain antiques and other merchandise. It is claimed also that the merchandise is free of duty under paragraph 1811 of said act.

At the trial, counsel for the plaintiff limited the protest to the claim that the merchandise described on the invoice as item "1122 L, 2 Oval bowls" was not subject to the additional duty under section 489. The merchandise was assessed with duty at the rate of 65 per centum ad valorem under paragraph 397, and, in addition thereto, at the rate of 25 per centum ad valorem under section 489. The articles were entered free of duty as artistic antiquities under paragraph 1811.

Nathan Nathanson, called by the plaintiff, testified that he is the United States examiner of metallic antiques and consultant of antique silver and old Sheffield; that he had had intimate contact with metals for the last twenty-five years; that he had studied at various museums and had read "extensively and intensively" upon the subject, and had passed upon the antiquity of over a million dollars worth of antiques and had personally examined more than fifty-thousand pieces. He stated that he had personally examined the merchandise in the instant case and found it to be bowls of sterling silver, which had not been produced prior to 1830 in the condition as imported but that the bodies of the bowls were produced prior to that time. When asked by counsel to describe the imported articles, he stated that they were antique linings with a mount surrounding the upper edge and a pair of ornate handles soldered on the bowls. He testified further that the bodies of the bowls were produced by craftsmen in the year 1770 and that from an examination of them it was quite evident that they were originally liners of soup tureens which, by the removal of two small thumb pieces on the inside of the liners and the additions of handles and the thread mounts, were

converted into the articles here involved and that if they had existed prior to 1830 in the form as imported he would have passed them free of duty under paragraph 1811.

Someone, with a sense of artistic values, conceived the idea of removing these plain linings from soup tureens and creating therefrom another article having an aesthetic appeal entirely lacking in the original linings.

Plaintiff contends that the additional duty of 25 per centum ad valorem, as provided in section 489 of the Tariff Act of 1930, should not be assessed because the articles, having been produced by craftsmen, are not artistic in a tariff sense and therefore are not described in paragraph 1811, citing *Mayers, Osterwald & Muhlfeld (Inc.)* v. *E. F. Bendler and United States,* 18 C. C. P. A. 117, T. D. 44093. The fallacy of this reasoning is evident when the decision cited is carefully read. In that case the appellate court did not say that no artistic article could be produced by craftsmen but held that the antique diamond therein involved was not an artistic antiquity within the meaning of paragraph 1708 of the Tariff Act of 1922 because it had been produced by artisans *using only* mechanical skill. The court said:

\* \* \* The skilled craftsman, the lapidary, the stone cutter, the cabinetmaker, each can produce objects of beauty by the practice of his craft. It is only, however, when he leaves the beaten paths of his trade, and, as a result of a mental concept, constructs something original with him, which appeals to the artistic eye and mind, that his work ceases to be that of an artisan and becomes that of an artist.

The plaintiff claims that the decision in the case of *Hudson Forwarding & Shipping Co., John Wanamaker* v. *United States,* 22 C. C. P. A. 221, T. D. 47142, is authority for a ruling that the articles here involved are not subject to the additional duty at the rate of 25 per centum ad valorem under section 489. In that case antique floors produced subsequent to 1830 were held not subject to the provisions assessing additional duty under section 489 because they were not artistic and therefore were not described in paragraph 1811, although they had been entered by the importer under that paragraph.

In enacting paragraph 1811 of the Tariff Act of 1930 Congress broadened the language of the correlative provisions in the previous act by making the paragraph applicable to rugs and carpets produced prior to the year 1700, and violins, violas, violoncellos, and double basses made in the year 1800 or prior thereto. Furthermore, it signified that the paragraph was intended to cover furniture, for section 489 contains the provision that "Furniture described in paragraph 1811 shall enter the United States at ports which shall be designated by the Secretary of the Treasury for this purpose." When paragraph 1811 was discussed in the hearings before the Committee on Ways and Means of the House of Representatives and the Com-

mittee on Finance of the Senate, the principal points of discussion were whether or not rugs, carpets, furniture, and silverware should be excluded from the paragraph. The Congress excluded only rugs and carpets produced *subsequent* to the year 1700. As rugs, carpets, furniture, and silverware, as well as violins, violas, violoncellos, and double basses, are all objects which are obviously the production of craftsmen, it necessarily follows that Congress could not have intended to give the provisions of paragraph 1811 a construction which would limit the articles provided for therein to such as were produced only by artists. The word "artistic" in that paragraph was manifestly intended to be given a broad meaning, such as "showing taste or skill" which we find to be one of the definitions of the word "artistic" in Webster's New International Dictionary.

In *Carlhian of Paris, Inc.* v. *United States,* Abstract 31210, it was held that articles which were not shown to have existed in their condition as imported prior to 1830 were not free of duty under paragraph 1811 although made of antique materials, and, as they had been claimed to be free as artistic antiquities upon entry, it was held that they were subject to the additional duty of 25 per centum ad valorem under section 489.

We find no evidence in the record now before the court showing that the articles here involved existed in their imported condition prior to the year 1830, and, upon the authority of the decision cited, we hold that the collector made no error in assessing the duty thereon. The protest is overruled. Judgment will be entered in favor of the defendant.